IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MEL M. MARINKOVIC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13cv185 |
| | ) | **Electronic Filing** |
| **MAYOR JOSEPH SINNOT**, in his individual | ) | |
| and official capacity, **CITY OF ERIE**, | ) | |
| **COUNTY OF ERIE, WHITEY CLEAVER** | ) | |
| **FIORE LEONE, KYLE FOUST**, **PHIL** | ) | |
| **FATICA, JOE GILES, CAROL LOLL,** | ) | |
| **AND EBERT BEEMAN** of Erie County | ) | |
| Council, in their individual and official | ) | |
| capacities, and **THE COMMONWEALTH** | ) | |
| **OF PENNSYLVANIA**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Mel M. Marinkovic ("plaintiff") filed a motion to proceed *in forma pauperis* on June 26, 2013, and submitted with it a complaint seeking declaratory and injunctive relief as well as money damages for alleged violations of various constitutional rights.[1] Presently before the

---

[1] Plaintiff, also known as Melvin M. Marin, is a serial *pro se* filer who has filed vexatious litigation in this court in *Mel Marin v. The Erie Times, et al.*, 1:11cv102 (Doc. No. 18), *aff'd*, 525 F. App'x 74 (3d Cir. 2013); *In re: Joseph Fragile, et al.*, 2:11cv788 (Doc. No. 8); *In re: Joseph Fragile, et al.*, 2:11cv789 (Doc. No. 7), *Mel Marin v. Tom Leslie, et al.*, 2:09cv1453 (Doc. No.s 57 & 58); *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 21) and *Marin v. La Paloma Healthcare Center, et al.*, 1:11cv230 (Doc. No.s 2 & 3). He has filed an action challenging the actions of private citizens in opposing his campaign for federal congress, which the court found likely to be "more of the same." *See Marin v. Robert A. Biros, et al.,* 2:11cv884 (Doc. No. 6 at 4). Plaintiff also has pursued an action challenging the need for him to submit his social security number in order to receive a profession license as an Emergency Medical Technician, which the court found to be without merit at summary judgment. *See* Opinion of April 11, 2014 in *Mel Marin v. William McClincy and Melissa Thompson*, 1:11cv132 (Doc. No. 81 in 1:11cv132). He likewise has filed over 70 proceedings in other jurisdictions and been placed on the "Vexatious Litigant List" by the State of California in connection with a filing in the San Diego Superior Court at No. 720715. *See* Transmittal Statement of the Bankruptcy Court to Accompany Notice of Appeal (Doc. No. 1-14) in *In re: Joseph Fragile, et al.*, 2:11cv789 (W.D. Pa. June 15, 2011) at 6 n.3. Plaintiff "was once a law clerk in the federal court and a 9th Circuit extern." Verified First Amended Complaint in *Melvin*

court is plaintiff's motion to proceed *in forma pauperis*. For the reasons set forth below, the motion will granted and the Clerk will be directed to file the complaint. Further, plaintiff's claims against the Commonwealth will be dismissed as barred by sovereign immunity; plaintiff's claims predicated on the inability to challenge and/or seek review of an adverse ruling on the citation for violation of a city ordinance also will be dismissed as meritless. Plaintiff's claims predicated on a grossly disproportionate and/or unequal property reassessment will be dismissed for lack of subject matter jurisdiction and without prejudice to plaintiff seeking review of the assessment through the avenues available pursuant to state law. Any remaining claims against the government defendants and/or the individual members of County Council will be dismissed for failure to state a claim upon which relief can be granted.

---

*M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 3) at ¶ 112. Plaintiff attended Harvard University and has a law degree from Oxford University. For additional information and another account of similar escapades by plaintiff *see, e.g.,* http://triblive.com/news/armstrong/8171747-74/marin-county-lawsuit.

  Plaintiff also uses different addresses in different states to maintain his pending cases. He frequently claims not to have received mail at the address he maintains in the court's docket and seeks to reset his own deadlines for compliance with any particular pretrial deadline. A review of his filings in the related dockets reflects the repeated use of such tactics. *See e.g.* Motion for Service (Doc. No. 13 in 1:12cv139); Motion for an Order to Allow Filing of Opposition to Motion to Dismiss Out-of-Time (Doc. No. 17 in 1:12cv139); Notice of and Motion for Leave to Allow Responses to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send Case Management Order and Declaration in Support (Doc. No. 51 in 2:09cv1453) at 1; Notice of and Motion to Supplement Motion for Late Response to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send 2011 Case Management Order (Doc. No. 55 in 2:09cv1453) at 1; Plaintiff's Notice of and Motion for Leave to File a Pre-Trail Statement Out-of-Time (Doc. No. 31 in 2:06cv690) at 1; Plaintiff's Notice of Change of Address and Motion for Remailing (Doc. No. 52 in 1:11-cv-132); Motion for Leave to File Opposition to Summary Judgment Out of Time (Doc. No. 64 in 1:11-cv-132 at 5-6); Motion for Leave to File Third Amended Complaint Out of Time (Doc. No. 65 in 1:11-cv-132 at 1); Motion to Vacate Memorandum & Order Dismissing Case (Doc. No. 10 in 2:11cv884). The docket in each case verifies that in accordance with the Local Rules all orders and opinions are mailed to plaintiff at the mailing address he has provided for the particular case (which includes a change of address upon proper notification to the Clerk).

2

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d). *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. *Id.* at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. *Id*. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e) (2) (B) (ii).

Plaintiff filed the instant action as "a new law suit which is similar to the one already on file at number 12-139" in the Erie division of this district. Statement attached to the complaint (Doc. No. 1-2) at 34. The similar suit referenced by plaintiff was *Marinkovic v. Sinnott, et al.*, 1:12cv139. There, plaintiff raised claims predicated on his purchase of real property from the City of Erie ("the City") at 313 Poplar Street, Erie Pennsylvania, and the subsequent tax treatment and assessments of that property by the City of Erie/County of Erie. He also raised claims based on his receipt of summary citations for failure to maintain the property in compliance with local codes. All of the claims in that case were resolved pursuant to an Opinion

and Order entered into the docket on March 26, 2014. *See* Opinion and Order of March 25, 2014 (Doc. No.s 21, 22) in 1:12cv139.

By plaintiff's own admission the instant complaint is predicated on the same events that gave rise to the litigation at 1:12cv139. *See* Statement attached to the complaint (Doc. No. 1-2 in 1:13cv185) at 34. The difference merely is that plaintiff dropped Magisterial District Judge Robie from the complaint, expressly added the Commonwealth of Pennsylvania to the caption and added as additional defendants the members of the Erie County Council in their individual and official capacities. *Compare id.* at 1-33 with Complaint (Doc. 1-1) in 1:12cv139.

The court issued a through opinion addressing the substance of plaintiff's claims and providing various reasons why they lack merit or are beyond the proper exercise of this court's jurisdiction in 1:12cv139. The reasoning and disposition that followed from that opinion applies with equal force to the claims advanced in this case. Accordingly the court will adopt that opinion as the appropriate rationale for the disposition of the claims in this case and enter a substantially similar order 1) dismissing plaintiff's claims against the Commonwealth, 2) dismissing plaintiff's claims predicated on the inability to challenge and/or seek review of an adverse ruling on the citation for violation of a city ordinance as meritless; 3) dismissing claims against the members of the City Council for failure to state a claim and 4) dismissing plaintiff's claims predicated on a grossly disproportionate and/or unequal property reassessment for lack of subject matter jurisdiction and without prejudice to plaintiff seeking review of the assessment through the avenues available pursuant to state law.

Although a portion of plaintiff's claims must be dismissed without prejudice, the court finds that plaintiff's pursuit of the instant litigation is without foundation. Plaintiff has experience in the legal field and has filed numerous § 1983 cases. He is well aware of the need to explore the avenues of relief available to him before raising constitutional issues and to

4

research matters in good faith before filing suit. Against this backdrop his pursuit of this lawsuit is vexatious and filed for vindictive and obstructive purposes. Doing so is an attempt to exploit the ability to proceed *in forma pauperis* and the taxpayers are not obligated to fund further aspects of his fanciful escapade.

An appropriate order will follow.

Date: September 29, 2016

                                           s/David Stewart Cercone
                                           David Stewart Cercone
                                           United States District Judge

cc:     Mel M. Marinkovic
        3900 Dawnshire Drive
        Parma, OH 44134

        (*Via United States Postal Service Mail*)